HARDY, Judge.
This suit was instituted by plaintiff praying for executory process in satisfaction of a promissory note secured by a mortgage covering a one acre tract of land in Caddo Parish. Defendants petitioned for issuance of an injunction prohibiting the seizure and sale of the property involved. After trial on rule a preliminary injunction was issued whereupon plaintiff converted the action into an ordinary proceeding. Following trial on the merits there was judgment in favor of plaintiff from which defendants have appealed.
The defense to plaintiff’s claim is based upon the contention that plaintiff was not a holder in due course and that the consideration for which the note sued on was given, that is, the construction of a house on the mortgaged property, had failed by reason of the substantially defective workmanship which made the construction com *364 pletely unsatisfactory. Defendants also asserted that the defective nature of the work had been recognized by plaintiff, who agreed to remove the construction from defendants’ property and cancel the indebtedness evidenced by the note.
Despite the somewhat confused and contradictory evidence reflected by the record, we regard certain material facts as being well established. Defendants entered into a contract with American Home Builders, Inc. to construct a residence on property owned by defendants and subject to a first mortgage in favor of a third party. The consideration for the contract was evidenced by a promissory note in favor of the named contractor in the principal sum of $6,210.00 payable in monthly installments of $74.24 beginning October 1, 1964. The note, secured by a second mortgage, was dated June 26, 1964, and was attached to plaintiff’s original petition for executory process. The act of assignment of the note from American Home Builders, Inc. to plaintiff was evidenced by paraph of the notary as being executed on December 16, 1965. However, it is contended by plaintiff that the assignment was actually made on July 7, 1964, and testimony to this effect was introduced on trial on the merits. The house constructed on defendants’ property was subject to such serious and substantial defects as to render it completely unsatisfactory, and, according to the testimony of defendants, this fact was immediately brought to the attention of the contractor and later to that of plaintiff corporation.
Of some material relevance to the issues presented in this case, particularly bearing upon plaintiff’s claim that it was a purchaser of the note sued on in good faith, is the relation between American Home Builders, Inc., the contractor, and plaintiff, Peoples Loan & Investment Company. One George McLarty, Jr. was an officer in both corporations and the record contains a copy of a letter written by Mr. William R. Busc, Jr. as branch manager of American Home Builders, Inc., directed to Mr. McLarty, in which Buse specified the substantial defects in the construction; admitted that they could not be corrected and recommended that the house be moved from defendants’ property. Plaintiff purchased defendant’s first mortgage note and it appears that plaintiff proposed to remove the defective construction conditioned upon defendants’ payment of this note, which payment was made by defendants.
There can be no doubt as to the correctness of the conclusion that plaintiff was familiar with the defective nature of the construction prior to the date of March 4, 1965, when it issued its check in the amount of $5,589.00 to the American Home Builders, Inc. in payment for the assignment of defendants’ note for $6,210.00. The amount of the check corresponded to defendants’ obligation less a 10% discount or reduction for the benefit of plaintiff’s reserve fund.
One other fact is clear, namely, that defendants never made any payment on their note despite the obligation to begin installment payments on October 1, 1964.
Under the facts established we are convinced that plaintiff was not a holder in due course of the note sued upon, inasmuch as it had full knowledge of the failure of consideration resulting from the defects in the construction; L.S.A.-R.S. 7:56.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of defendants, Pete Benjamin Price and Odie L. Price, rejecting plaintiff’s demands.
It is further ordered that that certain special mortgage executed by P. B. Price and Odie L. Price dated July 7, 1964, and filed in the records of Caddo Parish on February 23, 1965, under Registry No. 372832, be cancelled and erased from said records.
It is further ordered that plaintiff, Peoples Loan & Investment Company, be and it is granted a period of ninety days from *365 the date this judgment becomes final within which to remove the construction erected on the mortgaged premises.
All costs of both courts are taxed against plaintiff-appellee.